# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-2442-16T1
     A-2443-16T1

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

  Plaintiff-Respondent,

v.

S.N. and D.A.,

  Defendants-Appellants,

and

J.R.,

  Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF B.N. and A.N.,

  Minors.

_____

Argued December 17, 2018 – Decided December 27, 2018

Before Judges Haas, Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0041-15.

Phuong V. Dao, Designated Counsel, argued the cause for appellant S.N. (Joseph E. Krakora, Public Defender; Albert M. Afonso, Designated Counsel, and Phuong V. Dao, on the briefs).

Anne E. Gowen, Designated Counsel, argued the cause for appellant D.A. (Joseph E. Krakora, Public Defender; Anne E. Gowen, on the briefs).

Jane S. Blank, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General; Jason W. Rockwell, Assistant Attorney General, of counsel; Jane S. Blank, on the brief).

Melissa R. Vance, Assistant Deputy Public Defender, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian; Melissa R. Vance, on the brief).

PER CURIAM

In these two consolidated cases, defendants S.N.[1] and D.A. appeal from the January 26, 2017 judgment of guardianship terminating (1) S.N.'s parental rights to her two children, B.N.,[2] born in October 2011, and A.N., born in May

---

[1] We refer to the parties and their children by initials to protect their privacy. R. 1:38-3(d)(12).

[2] S.N. named defendant J.R. as B.N.'s biological father. However, J.R. could not be located and did not participate at the trial. The January 26, 2017 judgment also terminated J.R.'s parental rights to B.N.

2013, and (2) D.A.'s parental rights to A.N. Defendants contend that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. D.A. also argues that his trial attorney did not provide him with effective legal assistance. The Law Guardian supports the terminations on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendants' parental rights, and that D.A.'s attorney provided him with effective representation. Accordingly, we affirm substantially for the reasons set forth in Judge Jane Gallina-Mecca's thorough and thoughtful, ninety-four-page written decision rendered on January 26, 2017.

We will not recite in detail the history of the Division's involvement with defendants. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Gallina-Mecca's decision. We add the following comments.

We are satisfied that commencing with the Division's first contact with S.N. shortly before B.N.'s birth in 2011, and its involvement with both S.N. and D.A. beginning in 2013, the Division provided multiple opportunities for

defendants to reunify with their children and address their long-standing mental health, substance abuse, and domestic violence issues. Despite the Division's intervention, defendants were unable to overcome the deficiencies that rendered them unable to safely parent the children.[3] With court approval, the Division placed both children with the same resource parent in September 2013, and they have thrived in that placement.[4]

Although defendants achieved some level of stability in 2015, their participation in services and visitation with the children soon deteriorated again. The Division's expert psychologist, Dr. Frank Dyer diagnosed S.N. with possible bipolar disorder, prescription medication abuse (in early remission), anxiety disorder, and personality disorder with borderline and histrionic features. Dr. Dyer opined that S.N. could not safely care for the two children for at least the foreseeable future because of her extreme emotional volatility, denial of problems, resistance to services, and history of tumultuous relationships.

The Division's expert psychiatrist, Dr. Samiris Sostre, diagnosed S.N. as

---

[3] In a separate proceeding, the Family Division found that S.N. abused or neglected the two children while they were in her care, and we affirmed that determination in N.J. Div. of Child Prot. & Permanency v. S.N., No. A-1454-14 (App. Div. June 21, 2016).

[4] After the children began residing with the resource parent in Bergen County, defendants moved to Burlington County.

4

having Paranoid Personality Disorder with symptoms most marked by hostility, distrust, and paranoia. Dr. Sostre opined that S.N.'s mental illness would always interfere with her ability to safely and independently parent the children.

Dr. Dyer also evaluated D.A., and opined that D.A. was still struggling with his alcohol and drug problems, and anxiety issues. Dr. Dyer could not rule out that D.A. suffered from an antisocial personality disorder. Dr. Dyer testified that defendant could not safely parent A.N. in the near future because of his emotional volatility, low threshold for aggression, difficulty acknowledging domestic violence, and failure to engage in services.

Dr. Dyer conducted a bonding evaluation with S.N. and the two children. He concluded that B.N. had an "anxious attachment" to S.N., and that A.N., who had only lived with S.N. for a few months, merely had a positive emotional connection to her. Dr. Dyer opined that terminating S.N.'s parental rights to the children would not result in lasting psychological harm to them. Dr. Dyer reached a similar conclusion regarding D.A.'s bond with A.N., finding that although D.A. had a connection with A.N., the child would not suffer enduring emotional harm if D.A.'s parental rights were terminated. On the other hand, Dr. Dyer's bonding evaluation of the children's relationship with their resource parent revealed that each child had a deep attachment to her and that they would

A-2442-16T1

be traumatized if that relationship were terminated.

Neither defendant testified at the trial. S.N. did present the testimony of an expert psychiatrist, Dr. Howard Gilman. He diagnosed S.N. as having Other Specified Personality Disorder with borderline and histrionic traits. Dr. Gilman testified that these conditions could, but would not necessarily, make an individual unable to safely parent a child. However, he did not specifically assess S.N.'s parenting ability.

In her opinion, Judge Gallina-Mecca reviewed the evidence presented and concluded that (1) the Division had proven all four prongs of the best interests test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendants' parental rights was in the children's best interests. In this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

After reviewing the record, we conclude that Judge Gallina-Mecca's factual findings are fully supported by the record and, in light of those facts, her

A-2442-16T1

legal conclusions are unassailable. We therefore affirm substantially for the reasons that the judge expressed in her well-reasoned, comprehensive opinion.

In so ruling, we reject D.A.'s argument that his trial counsel did not provide him with effective legal representation. To establish an ineffective assistance of counsel claim in matters involving the termination of parental rights, a defendant must meet the two prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. N.J. Div. of Youth & Family Servs. v. B.R., 192 N.J. 301, 307-09 (2007) (citing Strickland, 466 U.S. at 687, 694). D.A. has failed to meet either prong of the Strickland test.

D.A. argues that his attorney failed to advocate that the Division provide him with (1) visitation at a location closer to his home after D.A. moved from Bergen County to Burlington County; (2) unsupervised visitation with A.N.; and (3) assistance in securing more affordable housing. However, the record amply demonstrates that D.A. made a voluntary move to Burlington County, where he secured housing on his own. In addition, the Division gave him bus vouchers and train tickets so he could visit A.N. in Bergen County, where she had lived with B.N. and her resource parent since she was only a few months old. The

A-2442-16T1

Division could not permit unsupervised visits between D.A. and the child due to D.A.'s fully documented anger problems. Under these circumstances, we discern no basis for D.A.'s contention that his attorney did not effectively advocate for him or that if additional arguments were raised on his behalf on these or other points, the result in this case would have been any different. B.R., 192 N.J. 308-09.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION